JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JAN -7 1983

PATRICIA D. HOWARD
CLERK OF THE PANEL

1/7/83

DOCKET NO. 535

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE PEANUT SHIPMENTS LITIGATION

ORDER DENYING TRANSFER*

This litigation consists of four actions pending in three districts as follows: two actions in the Southern District of New York, and one action each in the Southern District of Alabama and the Middle District of Florida. Presently before the Panel is a motion pursuant to 28 U.S.C. §1407 by Waterman Steamship Corporation (Waterman), the sole or principal defendant in each of the actions, for centralization of the actions in the Southern District of New York. The plaintiffs in the four actions all oppose transfer.

On the basis of the papers filed and the hearing held, we find that Section 1407 transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. All the actions involve claims for damages to peanut cargoes that were allegedly contaminated while shipped on vessels owned or operated by Waterman. On the basis of the record before us, however, we find that any common questions of fact that may be involved in these actions are insufficient to overcome the overall predominance of individual factual questions in each of the actions. We note that different plaintiffs, cargoes, foreign storage facilities, LASH barges, and ports of discharge are involved in each action. The different origins of the peanuts (in two actions the peanuts involved were grown in India and in two actions the peanuts involved were grown in the Sudan), the different ports of shipment (Port Sudan, the Sudan, in two actions, and Kandla, India, in two actions), the involvement of five different barge-carrying vessels (no one of which is involved in all actions), and the dissimilarity of the alleged causes of damage (aflatoxin contamimation in three actions, kaphra beetle infestation in two actions, and other insect infestation in one action) further negate any contention that common factual questions will predominate in this docket. While these actions may share some questions of law, in the absence of predominating common questions of fact, transfer under Section 1407 remains inappropriate. See In re Environmental Protection Agency Pesticide Listing Confidentiality Litigation, 434 F. Supp. 1235 (J.P.M.L. 1977); In re Natural Gas Liquids Regulation Litigation, 434 F. Supp. 665 (J.P.M.L. 1977); In re Eastern Airlines, Inc. Flight Attendant Weight Program Litigation, 391 F. Supp. 763 (J.P.M.L. 1975).

---

\*   Judge Edward S. Northrop took no part in the decision of this matter.

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 of the actions listed on the attached Schedule A be, and the same hereby is, DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-535 -- In re Peanut Shipments Litigation

SOUTHERN DISTRICT OF NEW YORK

Hershey Foods Corp. v. Waterman Steamship Corp., C.A. No. 82-Civ.0533
Raphaely Int'l Inc. v. Waterman Steamship Corp., C.A. No. 82-Civ.6284

SOUTHERN DISTRICT OF ALABAMA

Alimenta (U.S.A.), Inc. v. Waterman Steamship Corp., C.A. No. 82-0221-T

MIDDLE DISTRICT OF FLORIDA

M&M Mars, Inc. v. M/V Edward Rutledge, et al., C.A. No. 82-320